Judge Owseev
delivered the Opinion of the Court.
. This was an action of assumpsit, brought by William S. Waller against Anderson, in the Christian circuit court.
The trial was had upon the genera? issue, and verdict and judgment recovered by Waller.
The main question presented for our notice grows out of exceptions taken to the circuit court’s refusal to instruct the jury to find as in case of a nonsuit. The motion which was made by Anderson for the instructions, was predicated upon the supposed insufficiency of the evidence introduced by Waller on the trial, to sustain his action; and before we advert to that evidence, it is proper that we should take a brief notice of the cause ©f action contained in his declaration.
The declaration contains two counts. The first is indebitatus assumpsit, for one hundred and fifty dollars, received by Anderson to the use of Waller.
The second count in substance states that, whereas the defendant, Anderson, on the day of &c. in the county &c. was indebted to the said William S. Waller, in the further sum of one hundred and twenty-five dollars, being one moiety of a large sum, to wit, of the sum of two hundred and fifty dollars, arising and accruing from the sale of a stallion, which he, the said William, together with the said Anderson, owned iu partnership, and which lie, the said Anderson, by the authority and permission of the said William, sold as aforesaid, and being so indebted, he the said Anderson, in consideration thereof, afterwards, to- wit, on the day of in the county &c. undertook, and faithfully proirfised to pay the said William, one horse worth one hundred dollars, when he, the said Anderson, should be thereunto afterwards requested. &c. See.
The declaration moreover, alleges a special dev ®aml of the horse at the usual place of Anderson’s *235 residence, and concludes by alleging breaches of the promise, stated in the usual and appropriate form.
Facts the evidonee con-'luce<1 to
Evidence, conduce "to maintain the-first count-
The facts which the evidence introduced by Waller conduced to prove, may be assumed to be, in substance the following: Anderson was possessed of a horse which belonged to him and Waller jointly, and in pursuance to the permission and directions Waller, the horse was sold by Anderson for two hundred and fifty dollars, and a note taken from the purchaser for the sale money. After the sale, the horse proved to be unsound, and the purchaser refused to make payment. Anderson then requested a friend to inform Waller that he would give him a horse Worth one hundred dollars, instead of half the' sale money, and that he would run the risk of collecting the sale money from the purchaser. The information was accordingly communicated to Waller, and the friend was instructed by him to receive the horse. Upon receiving instructions from Waller, the friend made known to Anderson, Waller’s willingness to accept a horse, and requested Anderson to permit men to v alue a horse, but Anderson refused then to have a horse valued, and agreed upon a day when the friend was to go early in the morning to his house, and receive a horse for Waller. Accordingly, early in the morning of that day, the friend went to Anderson's, but he was not at home, and no person else was there authorized to deliver the horse.
In argument it was not pretended that there could be a recovery upon the first count in the declaratibnj but it was contended that the evidence substantially supports the second count, and as such it was insisted the court was correct, in refusing to instruct the jury to find as in case of a nonsuit.
According, however, to any construction, which in our opinion can be fairly put upon the evidence, we cannot admit that either count of the declaration is sustained.
The first count most indisputably is not. To sustain that count evidence should have been introduced going to prove the receipt of money by Anderson ta the use of Waller, and it is impossible to point out a solitary circumstance conducing in the slightest degree to such a result.
Held that the evidence wTcwntra™*" ■ 0 • '
Allegation to wy a horse and'Troor’to pay a horse' without more saymg, are effect,
Allegation that do.ienecHo pay118" plaintiff a horse on the bo'was^ indebted to
Nor, when properly understood, will the evidence he found to agree with the allegations contained in the second count of the declaration. We would not be understood as intimatingan opinion that the evi* dence introduced by Waller, proves no contract up-011 which an action can be sustained, The assent of both Waller and Anderson, was no doubt necessary to make the contract binding upon either; but whether expressed. in person or by an authorized agent, the assent has the same binding force, and according to the plain import of the evidence, the propo* sition to pay a horse worth one hundred dollars, which was made by Anderson was acceded to by Waller, and through his friend and' agent made known to Anderson,
We must, therefore, concede the fact to be, that Anderson agreed to pay, and Waller to receive a horse,, worth one hundred dollars, and in that respect there is no substantial variance between the proof introduced by Waller and the allegations contained in the second count of his declaration.
It is true, that according to the count, Anderson is alleged to have agreed to pay the horse on demand, and there is no evidence of his having agreed Pay 0,1 demand. The evidence is that he would pay, without stating when and without mentioning a.ny thing* about a demand. Butin legal confemplation, there is no substantial difference between tho agreement to pay, as stated in the count, and a& proved. Though the agreement may ha.vebeen general to pay, without mentioning that it- should be done on demand, there would exist the same necessity to prove a demand, as if the agreement had been expressly to pay on demand; so that as respects the demand there cannot be any substantial variance between the proof and the count.
But there is an essential and palpable variance between the consideration upon which the agreement 0f Anderson, is alleged in the count to have been made, and that proved. The only inducement which Anderson could have bad to make the promise was to obtain the interest of Waller in the moiety of the cla”n upon the purchaser of -the horse owned by them jointly., and by accepting the proposition of *237 Anderson, Waller must liave intended to give up his interest in that moiety. It is true the record contains no evidence going to shew that Waller expressly agreed to give up his moiety of the price for which the horse had been sold by Anderson, but from the facts proved, such' we apprehend must have been the mutual understanding of both Waller and Anderson. The surrender of Waller’s interest in the claim for the price of the horse, therefore, and riot as is alleged in the second cpunt of the declaration, Anderson’s being indebted to him the one moiety of that price must, according to the evidence have formed the consideration of Anderson’s promise to pay 'a horse worth one hundred dollars. In truth there is no evidence conducing in the slightest degree to prove that at the time of making the prom ise Anderson was indebted to Waller. It is in proof, that prior to that time Anderson sold the horse owned by him and Waller jointly, but the sale was made by the permission and directions of Wallet'1, and instead of having received any part of the price, Anderson then held the note upon the purchaser for the. amount for which the horso was sold, and the payment thereof had been refused by the purchaser.
plaintiff iorj half the price of their horse, by consent sold by defendant, and proof that defendant, having so sold the horse but not having cdllected the price, promised for plaintiff’s part of the demand, to pay &e. are varien.t*
Mayes for plaintiffj Crittenden for defendant.
The instructions for the jury to find as in case of a nonsuit ought, therefore, to have been given by by the court.
The judgment must, consequently, be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.